# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2022

Lyle W. Cayce
Clerk

No. 21-50478
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

German Zarzoza Moreno,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-259-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

German Zarzoza Moreno appeals the sentences imposed following his guilty plea convictions for conspiracy to possess with intent to distribute cocaine and methamphetamine in violation of 21 U.S.C. §§ 846 and 841. He argues that the district court clearly erred in applying the drug premises

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

enhancement to his guidelines calculation pursuant to U.S.S.G. § 2D1.1(b)(12).  He notes that, to support the recommended enhancement, the presentence report (PSR) relied upon his request that a co-defendant see if there was a premises to rent to use for a stash house.

The application of the § 2D1.1(b)(12) enhancement is reviewed de novo, and the district court's factual findings are evaluated for clear error. *United States v. Peterson*, 977 F.3d 381, 392 (5th Cir. 2020).  A factual finding which is "plausible in light of the record as a whole" is not clearly erroneous; rather, there is clear error where a "review of the record results in a definite and firm conviction that a mistake has been committed."  *Id.* at 396 (internal quotation marks and citation omitted).

Section 2D1.1(b)(12) permits a two-level increase for any defendant who "maintain[s] a premises for the purpose of manufacturing or distributing a controlled substance . . . ."  § 2D1.1(b)(12).  The manufacturing or distribution of a controlled substance "need not be the sole purpose for which the premises was maintained, but [it] must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises."  § 2D1.1(b)(12) cmt. n.17.

We may affirm an enhancement on any ground supported by the record.  *United States v. Jordan*, 851 F.3d 393, 399 (5th Cir. 2017).  Both the Government's factual basis for Moreno's pleas and the PSR indicated that Moreno used his residence a number of times to distribute drugs. Accordingly, it is plausible in light of the record as a whole that drug distribution was one of the primary uses of his residence and that such use was not incidental.  *See* § 2D1.1(b)(12) cmt. n.17; *Peterson*, 977 F.3d at 396; *see also United States v. Cervantes*, 706 F.3d 603, 620-21 (5th Cir. 2013).  The district court's judgment is AFFIRMED.